**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000535**
**29-OCT-2020**
**07:48 AM**
**Dkt. 49 SO**

NOS. CAAP-19-0000535 & CAAP-19-0000536

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


CAAP-19-0000535
STATE OF HAWAI‘I, Plaintiff-Appellee, v.
GARY J. FOUMAI, Defendant-Appellant
(CASE NO. 1CPC-18-0000590)

AND

CAAP-19-0000536
STATE OF HAWAI‘I, Plaintiff-Appellee, v.
GARY FOUMAI, also known as GARY FOMAI, Defendant-Appellant
(CASE NO. 1CPC-18-0000244)

APPEALS FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

In these consolidated appeals, Defendant-Appellant Gary
J. Foumai, also known as Gary Foumai and Gary Fomai (**Foumai**),
appeals from the Amended Judgment of Conviction and Sentence in
Criminal No. 1CPC-18-0000590 (**Case 1**), and the Amended Judgment
of Conviction and Sentence in Criminal No. 1CPC-18-0000244 (**Case
2**), both entered on July 1, 2019, in the Circuit Court of the
First Circuit (**Circuit Court**).[1]  After Foumai pleaded no contest
in Cases 1 and 2, the Circuit Court convicted him in each case of

---

[1]     The Honorable Todd W. Eddins presided in both of the underlying
cases.

On May 8, 2020, this court entered an Order Consolidating Appeals,
which consolidated appellate case numbers CAAP-19-0000535 and CAAP-19-0000536
under CAAP-19-0000535.

Burglary in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-811 (2014).[2/] The Circuit Court's respective sentences included, *inter alia*, an order in Case 1 that Foumai pay restitution to TeamPraxis (**TP**) in the amount of $8,080.26, and an order in Case 2 that Foumai pay restitution to DataHouse Consulting, Inc. (**DHI**) in the amount of $5,022.19. See HRS § 706-646(2) (Supp. 2018).[3/]

On appeal, Foumai contends that the Circuit Court abused its discretion in Cases 1 and 2 "when it found that [Plaintiff-Appellee State of Hawaiʻi (**State**)] offered sufficient evidence that it was more likely than not, that the victim lost the amounts requested."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we affirm the amended judgments of conviction and sentence for the reasons set forth below.

## I. Background

### A. Case 1

The Circuit Court held a restitution hearing in Case 1 on May 21, 2019 and June 25, 2019. Jade Wong (**Wong**), the compliance officer and authorized representative of Ike, a holding company for TP, testified as to TP's losses resulting

---

[2/] HRS § 708-811 provides:

> **Burglary in the second degree.** (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.
>
> (2) Burglary in the second degree is a class C felony.

[3/] HRS § 706-646(2), entitled "Victim restitution," states, in relevant part:

> (2) The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim. The court shall order restitution to be paid to the crime victim compensation commission if the victim has been given an award for compensation under chapter 351. If the court orders payment of a fine in addition to restitution or a compensation fee, or both, the payment of restitution and compensation fee shall be made pursuant to section 706-651.

from Foumai's burglary. Through Wong's testimony, the following exhibits were entered into evidence over defense counsel's objections:

| Exhibit No. | Description of exhibit |
|---|---|
| 1 | Fireman's Fund Statement of Loss |
| 2 | Spreadsheet detailing company and personal employee losses |
| 3 | Invoice from Alexander Brothers, Ltd. (for $2,961.42) |
| 4 | Invoice from Jack's Son's Lock Service (for $612.56) |
| 5 | Invoice from Building Concepts, LLC (for $1,596.86) |

These exhibits reflected TP's losses as follows:

| | |
|---|---|
| Business loss | $8,080.26 |
| Employee loss | $1,124.18 |
| Total loss | $9,204.44 |
| Insurance Deductible | $1,000.00 |
| Total payable by Fireman's Fund to TP | $8,204.44 |

In its July 1, 2019 Order Imposing Restitution in Case 1, the Circuit Court found and concluded in relevant part:

> Jade Wong . . . credibly testified at the May 21, 2019 hearing. The court received five exhibits into evidence[, . . . which included the exhibits identified above.] The court also considered the Updated Presentence Diagnosis and Report dated December 20, 201[8].
>
> Ms. Wong's testimony detailed the losses sustained by [TP] as a result of . . . Foumai's commission of the crime of burglary in the second degree on or about August 8, 2015 and August 10, 2015. . . . The claimed losses included the theft and damage of company property totaling $8080.26 and the personal property of [TP] employees totaling $1124.18.
>
> . . . .
>
> The court concludes that per HRS § 706-646, the State has established by a preponderance of the evidence, see State v. DeMello, 130 Hawaiʻi 332, 343[, 310 P.3d 1033, 1044] (App. 2013)[, vacated in part on other grounds, 136 Hawaiʻi 193, 361 P.3d 420 (2015),] that [TP] incurred $8080.26 in reasonable and verifiable losses arising from Foumai's conduct. The court concludes that the State did not sufficiently establish evidence that the $1124.18 in

3

claimed losses suffered by [TP] [employees] were reasonable
and verifiable losses to support the imposition of
restitution.

Based on the foregoing, it is ordered that . . .
Foumai pay restitution in the amount of $8080.26 to [TP].

(Footnote omitted).

**B.    Case 2**

The Circuit Court held a restitution hearing in Case 2
on June 25, 2019.  Wong, again as the compliance officer and
authorized representative of Ike, which was also a holding
company for DHI, testified as to DHI's losses resulting from
Foumai's burglary.  Through Wong's testimony, the following
exhibits were entered into evidence over defense counsel's
objections:

| Exhibit No. | Description of exhibit |
|---|---|
| 1 | Fireman's Fund Statement of Loss and supporting documents |
| 2 | Jack's Son's Lock Service Invoice #082015 (for $1,356.02) |
| 3 | Jack's Son's Lock Service Invoice #082115 (for $853.40) |
| 4 | Jack's Son's Lock Service Invoice #082315 (for $246.07) |

These exhibits reflected DHI's losses as follows:

| | |
|---|---|
| Business loss | $5,022.19 |
| Employee loss | $3,025.94 |
| Total loss | $8,048.13 |
| Insurance Deductible | $1,000.00 |
| Total payable by Fireman's Fund to DHI | $4,592.64 |

In its July 1, 2019 Order Imposing Restitution in Case
2, the Circuit Court found and concluded in relevant part:

Jade Wong . . . credibly testified at the hearing.
The court received four exhibits into evidence[, . . . which
included the exhibits identified above.]  The court also
considered the Updated Presentence Diagnosis and Report
dated December 20, 201[8].

4

Ms. Wong's testimony detailed the losses sustained by [TP] [sic] as a result of . . . Foumai's commission of the crime of burglary in the second degree on or about July 14-15, 2015. . . . The claimed losses included the theft of company property in the amount of $2566.70, the replacement for locks damaged arising from the burglary totaling $2455.49 (Exhibits 2-4), and the personal property of [DHI] employees totaling $3025.94.

. . . .

The court concludes that per HRS § 706-646, the State has established by a preponderance of the evidence, see State v. DeMello, 130 Hawai'i 332, 343[, 310 P.3d 1033, 1044] (App. 2013)[, vacated in part on other grounds, 136 Hawai'i 193, 361 P.3d 420 (2015),] that [DHI] incurred $5022.19 in reasonable and verifiable losses arising from Foumai's conduct. The court concludes that the State did not sufficiently establish evidence that the $3025.94 in claimed losses suffered by [DHI] employees were reasonable and verifiable losses to support the imposition of restitution.

Based on the foregoing, it is ordered that . . . Foumai pay restitution in the amount of $5022.19 to [DHI].

## II. Discussion

Foumai asserts the same point of error in Cases 1 and 2 – that the Circuit Court "abused its discretion when it found that the State offered sufficient evidence that it was more likely than not, that the victim lost the amounts requested." In particular, Foumai contends that Wong had no personal knowledge of the respective losses of TP and DHI, and instead relied on "what was reported to her," along with police reports, documents and photographs. Foumai further argues that the documentary exhibits received by the trial court through Wong "lacked authentication, were based on hearsay and were unreliable."

In general, the Hawai'i Rules of Evidence (**HRE**) do not apply to sentencing proceedings.[4] See HRE Rule 1101(d)(3) ("The rules . . . do not apply in . . . [m]iscellaneous proceedings . . . [including] sentencing[.]"). Because restitution is part of a defendant's sentence, it follows that the trial court may order restitution as part of sentencing proceedings. See State

---

[4] The general rule is subject to an exception, not applicable here, when a defendant raises a proper good-faith challenge to a prior conviction used as a basis for the imposition or enhancement of a prison sentence. See State v. Heggland, 118 Hawai'i 425, 443, 193 P.3d 341, 359 (2008).

v. Kealoha, 142 Hawaiʻi 46, 60, 414 P.3d 98, 112 (2018) ("Whether imposed by free standing order, or as a condition of probation, restitution is part of the defendant's sentence and judgment of conviction." (emphasis added)); State v. DeLima, No. CAAP-17-0000914, 2019 WL 2265044, at *1-2 (Haw. App. May 28, 2019) (SDO) (stating that the HRE generally do not apply to sentencing proceedings, and concluding that the State presented sufficient evidence to support a restitution order).  Accordingly, here, where the Circuit Court considered evidence regarding restitution as part of sentencing proceedings, the HRE did not apply.

HRS § 706-646(2) "imposes four requirements before restitution must be awarded; the victim's losses must be (1) 'reasonable,' (2) 'verified,' (3)'suffered . . . as a result of the defendant's conduct,' and (4) 'requested by the victim.'" State v. DeMello, 136 Hawaiʻi 193, 196, 361 P.3d 420, 423 (2015). Thus, here, where TP and DHI requested restitution, the State was required to demonstrate by a preponderance of the evidence that the respective losses of TP and DHI were reasonable, verified and caused by Foumai.  See HRS § 706-646(2); State v. DeMello, 130 Hawaiʻi 332, 343-44, 310 P.3d 1033, 1044-45 (App. 2013), vacated in part on other grounds, 136 Hawaiʻi 193, 361 P.3d 420 (2015). The State bore the burden of making a prima facie showing of these losses.  See DeMello, 130 Hawaiʻi at 344, 310 P.3d at 1045. If the State did so, the burden shifted to Foumai to come forward with evidence supporting his challenge to the amounts requested. See id.

At the restitution hearings in Cases 1 and 2, Wong testified as to the losses sustained by TP and DHI as a result of the burglaries by Foumai.  In each case, Wong identified the statement of loss received from the company's insurer, Fireman's Fund, reflecting the itemized losses incurred by each company. The supporting documents that Wong identified in her testimony included internal spreadsheets itemizing the company and personal employee losses, as well as invoices documenting the costs for certain repairs.  In her testimony, Wong linked each of these documents to the losses that TP and DHI incurred as a result of the burglaries, and all of the documents were received into

6

evidence.  Foumai offered no evidence supporting his challenge to the amounts requested.

On this record, we conclude that the State presented sufficient evidence that TP and DHI incurred reasonable and verified losses, suffered as a result of Foumai's conduct, in the amounts determined by the Circuit Court.  In particular, we conclude that the State presented sufficient evidence tying Exhibits 1-5 in Case 1, and Exhibits 1-4 in Case 2, to Foumai's burglary in the second degree.  Accordingly, the Circuit Court did not err or abuse its discretion in ordering Foumai to pay restitution to TP and DHI in the specified amounts.

### III.  Conclusion

For these reasons, we affirm the Amended Judgment of Conviction and Sentence in Criminal No. 1CPC-18-0000590, and the Amended Judgment of Conviction and Sentence in Criminal No. 1CPC-18-0000244, both entered on July 1, 2019, in the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, October 29, 2020.


On the briefs:

Harrison L. Kiehm
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge